OPINION OF THE COURT
RENDELL, Circuit Judge.
Plaintiff Donald Picaño brought this case under 42 U.S.C. § 1983 against the Borough of Emerson, New Jersey, where he resides, and against the Borough administrator, Joseph Scarpa (in his official and individual capacities). Picaño alleged that defendants violated his constitutional rights when the Borough enacted and enforced an ordinance requiring residents to pay their property taxes by check or money order, rather than in cash. The District Court granted defendants’ motion for summary judgment as to this claim. Plaintiff filed this timely appeal.
We will affirm the order of the District Court.

Background

In February or March 2007, the Borough adopted a policy requiring its residents to pay property taxes by check or money order, rather than in cash. The policy was motivated, at least in part, by an incident in a nearby township in which a tax collector had embezzled cash payments of taxes. Plaintiff and other residents of the Borough were notified of the new policy in writing. Nonetheless, in May 2007, plaintiff visited the Borough’s Tax Office, tried to pay his taxes in cash, and was refused. Plaintiff subsequently refused to pay his taxes but, at least as of the time of the District Court’s decision in June 2008, the Borough had not attempted to enforce a tax lien against plaintiffs property.
Plaintiff instituted this litigation and defendants moved for summary judgment. The District Court granted the motion. With respect to Picano’s claim that defendants violated his “substantive due process right to pay his taxes with United States currency,” App. 5, the District Court held that the ordinance was permissible as long as the Borough continued to accept other forms of U.S. currency, such as checks. The District Court also granted summary judgment to defendants on one of the three other causes of action asserted in the complaint, and Picaño voluntarily dismissed the remaining two. On appeal, Picaño does not challenge the dismissal of these three causes of action.
Discussion
The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.
Our review of a grant of summary judgment is plenary. Gardner v. State Farm Fire & Cas. Co., 544 F.3d 553, 557 (3d Cir.2008). “[W]e assess the record using the same summary judgment standard *735 that guides the district courts.” Id. Thus, defendants must demonstrate that “there is no genuine issue as to any material fact and that [they are] entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c)(2).
The complaint characterizes plaintiffs claim as a constitutional violation of his right to substantive due process. On appeal, however, plaintiff appears to have abandoned this constitutional claim in favor of a statutory claim based on 31 U.S.C. § 5103. Plaintiff argues that this claim is enforceable under 42 U.S.C. § 1983. Plaintiffs arguments have no merit.
As an initial matter, plaintiff appears to have waived all of his claims. Plaintiff has offered absolutely no argument on appeal regarding his constitutional claim. With respect to his newly asserted statutory argument, plaintiff himself concedes that he did not raise this argument in the District Court.
Even addressing the merits of plaintiffs claims, he has cited no authority, and we have found none, for the proposition that there is a substantive due process right to pay one’s taxes in cash. We have held that “a legislative act will withstand substantive due process challenge if the government identifies a legitimate state interest that the legislature could rationally conclude was served by the statute.” Nicholas v. Pa. State Univ., 227 F.3d 133, 139 (3d Cir.2000) (citations and internal quotation marks omitted). The ordinance here was justified by the Borough’s legitimate interest in protecting tax revenues from embezzlement.
Nor can plaintiff assert a claim under § 1983 for a violation of 31 U.S.C. § 5103. “[T]o sustain a § 1983 action for the violation of a statutory right, a plaintiff must demonstrate that the federal statute creates an individually enforceable right in the class of beneficiaries to which he belongs.” A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 801 (3d Cir.2007). Plaintiff has not even attempted to show that § 5103 creates such a right or that he should benefit from it, and we do not believe that he could make such a showing.
Finally, there is no basis for concluding that defendants violated 31 U.S.C. § 5103. Section 5103 provides that “United States coins and currency ... are legal tender for all debts, public charges, taxes, and dues.” None of the cases cited by plaintiff stands for the proposition that § 5103 requires a local government (or any other entity) to accept payment in cash, and no court has so held.
We will therefore affirm the order of the District Court.